UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAVID and CHRISTINE GIERLINGER,

                         Plaintiffs         **DECISION AND ORDER**

v.

                                                     13-cv-00370(A)(M)

TOWN OF BRANT, et al.,

                         Defendants.

---

        This case has been referred to me by Hon. Richard J. Arcara for supervision of pretrial proceedings [12].[1] Before me is defendants' motion to strike the Amended Complaint pursuant to Fed. R. Civ. P. ("Rule") 12(f) [37].[2] That motion is nondipositive. Barmore v. County Fair, Inc., 2005 WL 976420, *1, n. 1 (W.D.N.Y. 2005) (Foschio, M.J.). Oral argument was held on May 28, 2015 [43]. For the following reasons, the motion is denied.

## ANALYSIS

        "[B]ecause striking a portion of a pleading is a drastic remedy . . . motions under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted." 5C Wright, Miller, Kane, et al., Federal Practice & Procedure (Civil) §1380 (3d ed. 2015). "The motion to strike is disfavored and is not to be granted routinely . . . but is within the discretion of the Court." Brown v. West Valley Environmental Services, LLC, 2010 WL 3369604, *7

---

[1]     Bracketed references are to CM/ECF docket entries.

[2]     The Amended Complaint [36] has been redesignated as the Second Amended Complaint [40].

(W.D.N.Y. 2010) (Aracara, J.). "To succeed, the movant must show that it is prejudiced by the inclusion of the offending pleading." Id. See also New York v. Solvent Chemical Co., Inc., 218 F.Supp.2d 319, 330 (W.D.N.Y. 2002) (Curtin, J.) ("Motions to strike are not favored . . . . To prevail on a motion to strike, defendants must show that it is clear that the challenged matter has no bearing on the subject matter of the litigation and that its inclusion will prejudice the defendants").

Defendants have not shown their entitlement to relief under Rule 12(f). "Many of the allegations claimed to be immaterial provide a better understanding of the claim for relief by providing background facts and thus are proper." Hoffman Motors Corp. v. Alfa Romeo S.p.A., 244 F.Supp. 70, 81-82 (S.D.N.Y. 1965). Any concerns that the jury may be improperly swayed by the allegations can be addressed, if necessary, prior to trial. See Martel v. Cadjew, 2011 WL 4386209, *4 (E.D.Cal. 2011) ("Although defendants contend that the paragraphs are irrelevant, conclusory and inadmissible . . . and that there will be a significant risk of prejudice to defendants if those paragraphs are not stricken since plaintiff may attempt to show the complaint to a jury, once again, the allegations provide a context for plaintiff's lawsuit . . . . At trial, or in appropriate *in limine* motions it will be determined what testimony and evidence is presented to the jury").

At oral argument, defendants' attorney also expressed concern that the Second Amended Complain is a public document. However, I fail to see the likelihood that anyone reading this pleading would necessarily assume that its allegations are true. "It is fundamental that unproven allegations are not proof of their content." Scantek Medical, Inc. v. Sabella, 693 F.Supp.2d 235, 241, n. 1 (S.D.N.Y. 2008).

## CONCLUSION

For these reasons, defendants' motion [37] is denied.

Dated: May 28, 2015

                                        /s/ Jeremiah J. McCarthy
                                        JEREMIAH J. MCCARTHY
                                        United States Magistrate Judge